UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN HANCOCK LIFE INSURANCE
COMPANY OF NEW YORK,

                Plaintiff,

-against-

SOLOMON BAUM IRREVOCABLE FAMILY
LIFE INSURANCE TRUST, ABRAHAM
HOSCHANDER, CHESKI BAUM and WELLS
FARGO BANK, N.A.,

                Defendants.

**Index No.** _____

**INTERPLEADER COMPLAINT**

       Plaintiff John Hancock Life Insurance Company of New York ("John Hancock"), by its attorneys, Kelley Drye & Warren LLP, as and for its interpleader complaint, pursuant to 28 U.S.C. § 1335, against interpleader defendants Solomon Baum Irrevocable Family Life Insurance Trust (the "Baum Trust"), Mr. Abraham Hoschander ("Mr. Abraham Hoschander"), Cheski Baum ("Mr. Cheski Baum"), and Wells Fargo Bank, N.A. ("Wells Fargo"), alleges the following:

## PARTIES

       1.    John Hancock is a life insurance company organized under the laws of the State of New York with its principal place of business in New York. John Hancock is licensed to do business in New York.

       2.    Upon information and belief, Defendant the Baum Trust is a trust created and governed under New York law.

       3.    Upon information and belief, Defendant Mr. Abraham Hoschander is the trustee of the Baum Trust and is a citizen of New York and resides in Brooklyn, New York.

4. Upon information and belief, Mr. Cheski Baum is a citizen of New York State and resides in Brooklyn, New York.

5. Upon information and belief, Defendant Wells Fargo is a national bank incorporated in South Dakota and with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action of interpleader pursuant to 28 U.S.C. § 1335(a)(1) because the dispute is between defendants Mr. Cheski Baum, Mr. Abraham Hoschander and the Baum Trust on the one hand and defendant Wells Fargo on the other. Mr. Cheski Baum and the Baum Trust are diverse from defendant Wells Fargo and the obligation at issue exceeds $500.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b)(2) because, upon information and belief, Mr. Cheski Baum and Mr. Hoschander reside in and are subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

**A.   The Policy**

8. On or about May 8, 2008, John Hancock issued a universal life insurance policy number 93 682 037, insuring the life of Mr. Solomon Baum (the "Policy"). The Policy had a face value of $20,000,000. The Policy's Application identified the Baum Trust as the owner and beneficiary of the Policy. A true copy of the Application and a Duplicate of the Policy delivered to the Baum Trust is attached hereto as Exhibit A.

9. At the time of the Baum Trust's creation in December 2007, Mr. Abraham Hoschander was the Trustee of the Baum Trust. A copy of the Trust was provided to John

Hancock in connection with the Baum Trust's Application for the Policy and is attached hereto as Exhibit B.

10. At the time of the Baum Trust's creation in December 2007, Mr. Cheski Baum was a contingent beneficiary of the Baum Trust. See, Ex. B at Art. V.A.

11. From May 2008 through July 2010, John Hancock sent correspondence to the Baum Trust addressed to Mr. Hoschander concerning the Policy. In addition John Hancock sent communication to Mr. Solomon Baum identifying Mr. Hoschander as the Trustee of the Trust and owner of the Policy. Copies of correspondence between John Hancock, the Baum Trust and Mr. Solomon Baum are attached hereto as Exhibit C.

### B. A Change of Ownership Form is Sent to John Hancock

12. On or around July 15, 2010, John Hancock received a Change of Ownership (Absolute Assignment) form requesting that ownership of the Policy be changed from the Baum Trust to Wells Fargo (the "Change of Ownership"). A copy of the Change of Ownership form sent to John Hancock is attached hereto as Exhibit D.

13. The Change of Ownership form was purportedly signed by Mr. Abraham Hoschander.

14. In or around July 16, 2010, John Hancock also received a Change of Beneficiary form naming Wells Fargo Bank, NA as beneficiary. A copy of the Change of Beneficiary form sent to John Hancock is attached hereto as Exhibit E.

15. On or about August 6, 2010, John Hancock sent a letter to Wells Fargo enclosing the registered Change of Ownership and Change of Beneficiary forms and informing Wells Fargo that John Hancock "registered these changes" on July 16, 2010. A true copy of the John Hancock's Confirmation of Change of Ownership and Beneficiary, dated August 6, 2010 is attached hereto as Exhibit F.

16. From August 6, 2010 through August 2016, John Hancock communicated with Wells Fargo concerning the Policy. Copies of correspondence between John Hancock and Wells Fargo is attached hereto as Exhibit G.

17. On or about July 7, 2016, John Hancock received a third party authorization wherein Wells Fargo authorized CMG Life Services Inc. ("CMG") to act as a servicer for the Policy and to act on Wells Fargo's behalf in maintaining the Policy. A true and correct copy of a Facsimile sent by CMG and received by John Hancock is attached hereto as Exhibit H.

18. On or about August 15, 2016, John Hancock sent Wells Fargo a letter enclosing a Statement of Claim for Death Benefit form in which John Hancock informed Wells Fargo that John Hancock's records "show that the designated beneficiary in this policy is Wells Fargo Bank N.A." A true copy of the John Hancock's Letter to Wells Fargo, dated August 15, 2016 is attached hereto as Exhibit I.

C. **The Conflicting Claims To The Policy's Proceeds**

19. On or about August 29, 2016, John Hancock received a Statement of Claim for Death Benefit from Mr. Cheski Baum requesting the death benefit proceeds from the Policy (the "Baum Claim for Death Benefit"). A true copy of the Baum Claim for Death Benefit received by John Hancock is attached hereto as Exhibit J. The Baum Claim for Death Benefit attached a death certificate showing that the insured, Solomon Baum, died on July 29, 2016.

20. Mr. Cheski Baum claims that the Baum Trust was the original owner "and is still the current owner" of the Policy. Furthermore, Mr. Cheski Baum claims that "[a]ny claims alleging and sales or transfers or assignments or liens on the policy are untrue." See, Ex. J. Moreover, Mr. Cheski Baum has told John Hancock that if it paid the Death Benefit to anyone

other than the Baum Trust "at my address" John Hancock will be "forced to pay the claim again." See, Ex. J.

21. On or about August 31, 2016, John Hancock received a Statement of Claim for Death Benefit from Wells Fargo requesting the death benefit proceeds from the Policy (the "Wells Fargo Claim for Death Benefit"). A true copy of the Wells Fargo Claim for Death Benefit received by John Hancock is attached hereto as Exhibit K.

22. As a result, John Hancock has received claims from two adverse parties claiming entitlement to the Death Benefit.

### AS AND FOR JOHN HANCOCK'S CLAIM FOR INTERPLEADER RELIEF

23. The Death Benefit for the Policy is now claimed due and payable by multiple parties.

24. John Hancock does not claim any beneficial interest in the Death Benefit as calculated pursuant to the Policy terms.

25. John Hancock is subject to possibility of double liability from (1) Wells Fargo, the record owner and beneficiary of the Policy, or (2) Mr. Cheski Baum, or (3) Mr. Abraham Hoschander, and/or (4) the Baum Trust.

26. John Hancock cannot determine to whom and in what amounts the Death Benefit should be paid until the conflicting claims are settled.

27. Thus, John Hancock cannot pay any part of the Death Benefit without danger of being compelled to pay all of the Death Benefit, or more than an appropriate portion thereof, to each of the parties referenced in paragraphs 7 through 16 herein.

28. John Hancock is prepared, upon the entry of an appropriate Order of this Court, to pay to the Clerk of this Court the sum of $20,000,000 (plus interest at the rate of 3.5% per annum from July 29, 2016 through the date of deposit).

**WHEREFORE**, John Hancock demands judgment pursuant to 28 U.S.C. § 1335(a):

(1) directing John Hancock to pay to the Clerk of the Court the sum of $20,000,000 (plus interest at the rate of 3.5% per annum from July 29, 2016 through the date of deposit);

(2) ordering that, upon full payment to the Clerk of the Court, John Hancock is released, discharged, and acquitted of and from any liability of any kind or nature whatsoever under the Policy;

(3) permanently restraining and enjoining defendants Wells Fargo, Mr. Cheski Baum, Mr. Abraham Hoschander, and the Baum Trust from instituting any action against John Hancock with respect to the Policy or their rights to any amount due under the Policy including, but not limited to, the Death Benefit;

(4) requiring defendants Wells Fargo, Mr. Cheski Baum, Mr. Abraham Hoschander, and the Baum Trust to settle among themselves their right to monies due under the Policy;

(5) awarding John Hancock its costs and attorneys' fees; and

(6) for such other and further relief as this Court deems proper.

Dated: New York, New York
December 22, 2016

KELLEY DRYE & WARREN LLP

By: /s/ Sean R. Flanagan
Neil Merkl
Sean R. Flanagan
Jaclyn M. Metzinger
101 Park Avenue
New York, New York 10178
(212) 808-7800
nmerkl@kelleydrye.com
sflanagan@kelleydrye.com
jmetzinger@kelleydrye.com

*Attorneys for Plaintiff John Hancock Life Insurance Company (U.S.A.)*