## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>SOLOMON BAUM IRREVOCABLE FAMILY LIFE INSURANCE TRUST, ABRAHAM HOSCHANDER, CHESKI BAUM and WELLS FARGO BANK, N.A.,<br><br>    Defendants. | Civil Action No. 1:16-CV-07071 |
| WELLS FARGO BANK, N.A.,<br><br>    Cross-Claim Plaintiff,<br><br>v.<br><br>SOLOMON BAUM IRREVOCABLE FAMILY LIFE INSURANCE TRUST, ABRAHAM HOSCHANDER, and CHESKI BAUM,<br><br>    Cross-Claim Defendants. | |

### WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S INTERPLEADER COMPLAINT AND CROSS-CLAIM

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, hereby responds as follows to John Hancock Life Insurance Company of New York's Interpleader Complaint (the "Complaint"):

### ANSWER

1.      Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint.

2.      Based on the documentation provided to Wells Fargo, Wells Fargo admits the allegations in Paragraph 2 of the Complaint on information and belief.

3.      Based on the documentation provided to Wells Fargo, Wells Fargo admits that Mr. Abraham Hoschander was at one time the trustee of the Baum Trust.

4.      Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint.

5.      Wells Fargo admits that it is a national banking association incorporated in South Dakota with its main office in South Dakota.

6.      The allegations of Paragraph 6 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Wells Fargo admits the allegations in Paragraph 6 of the Complaint.

7.      The allegations of Paragraph 7 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Wells Fargo admits that venue is proper in this District.

8.      Wells Fargo admits the allegations in Paragraph 8 of the Complaint.

9.      Based on the documentation provided to Wells Fargo, Wells Fargo admits the allegations in Paragraph 9 of the Complaint on information and belief.

10.      Based on the documentation provided to Wells Fargo, Wells Fargo admits the allegations in Paragraph 10 of the Complaint on information and belief.

11.      Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint.

12.      Wells Fargo admits the allegations in Paragraph 12 of the Complaint.

13.      Wells Fargo admits the allegations in Paragraph 13 of the Complaint.

14.     Wells Fargo admits the allegations in Paragraph 14 of the Complaint.

15.     Wells Fargo admits the allegations in Paragraph 15 of the Complaint.

16.     Wells Fargo admits the allegations in Paragraph 16 of the Complaint.

17.     Wells Fargo admits the allegations in Paragraph 17 of the Complaint.

18.     Wells Fargo admits the allegations in Paragraph 18 of the Complaint.

19.     Wells Fargo denies that Defendant Cheski Baum is entitled to the death benefit proceeds from the Policy.  As to the remaining allegations in Paragraph 19 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations, and therefore the allegations are denied.

20.     Wells Fargo denies that that the Baum Trust is the current owner of the Policy. Wells Fargo further denies Defendant Cheski Baum's claim that Wells Fargo's claim to the Policy proceeds is unfounded.  As to the remaining allegations in Paragraph 20 of the Complaint, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations, and therefore the allegations are denied.

21.     Wells Fargo admits the allegations in Paragraph 21 of the Complaint.

22.     Wells Fargo admits that it submitted a claim form to receive the death benefit proceeds from the Policy and that Wells Fargo is entitled the death benefit proceeds from the Policy.  Wells Fargo is without sufficient knowledge or information to admit or deny the allegations regarding Defendant Cheski Baum's claim submission to Plaintiff.

23.     Wells Fargo admits that it submitted a claim form to receive the death benefit proceeds from the Policy and that Wells Fargo is entitled the death benefit proceeds from the Policy.  Wells Fargo is without sufficient knowledge or information to admit or deny the allegations regarding any claims to the death benefit proceeds under the Policy made by other

parties.

24.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Wells Fargo states that it is the only entity or individual entitled to the death benefit proceeds and denies any allegations in Paragraph 25 of the Complaint that are inconsistent with that admission.

26.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint.

Wells Fargo denies each allegation not specifically admitted or otherwise responded to herein.

## FIRST DEFENSE

Wells Fargo is a bona fide purchaser/assignee of the Policy.

## SECOND DEFENSE

It would constitute unjust enrichment for the Policy's death benefit to be paid to the Defendants Cheski Baum or the Baum Trust because Wells Fargo and/or its assignees (a) paid the Baum Trust for the purchase of the Policy and (b) continuously paid the premiums on the Policy.

## THIRD DEFENSE

Defendants Cheski Baum and the Baum Trust have unclean hands.

## FOURTH DEFENSE

Defendants Cheski Baum and the Baum Trust are barred from recovering the Policy's death benefit based on the doctrines of estoppel, payment, release, and waiver.

## CROSS-CLAIM

Cross-Claim Plaintiff Wells Fargo, by and through its undersigned counsel, brings this Cross-Claim against Cross-Claim Defendants the Solomon Baum Irrevocable Family Life Insurance Trust (the "Baum Trust"), and Cheski Baum ("Baum") and Abraham Hoschander ("Hoschander"), as trustees of the Baum Trust (collectively "Cross-Claim Defendants") and alleges as follows:

1.      Wells Fargo brings this Cross-Claim for breach of contract against the Cross-Claim Defendants to recover any damages or attorneys' fees and costs Wells Fargo incurs in this action.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1367.

3.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1391 (b)(1), because on information and belief, Baum resides within this judicial district.

## PARTIES

4.      Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.

5.      The Baum Trust is a trust created and governed under New York law.

6.      Upon information and belief, Baum is a citizen of New York State and resides in Brooklyn, New York.  Baum identified himself as the trustee of the Baum Trust in the Statement

of Claim for Death Benefit requesting the death benefit proceeds from the Policy.

7.      Upon information and belief, at the time of the creation of the Baum Trust,
Hoschander was the trustee and he presently resides in Brooklyn, New York.

**COUNT ONE**
**(Breach of Contract)**

8.      Wells Fargo repeats and re-alleges the allegations in Paragraphs 1 through 7 above
as if fully set forth herein.

9.      On June 7, 2010, the Baum Trust entered into a Life Settlement Agreement (the
"Transfer Agreement") with Lotus Life, LLC ("Lotus") pursuant to which the Baum Trust sold
ownership of the Policy to Lotus.

10.     In the Transfer Agreement, the Baum Trust represented, among other things, that
"[o]n the Closing Date, the Seller shall sell, transfer, covey, and assign absolutely, unconditionally
and forever all rights, title, interest and privileges in, under and with respect to the Policy to the
Purchaser" including "the right to receive all amounts payable to the beneficiary of the policy,
including but not limited to, death benefits. . . ."  The Baum Trust further acknowledged that the
"Purchaser or its designee will be the beneficiary under the Policy and therefore entitled to receive
all death benefits payable under the Policy."

11.     The Transfer Agreement provides that "[t]he Seller and the Insured represent and
warrant that their respective estates, executors, administrators, heirs, guardians, personal
representatives, successors and assigns will not challenge the enforceability of the Change of
Ownership Forms, the ownership of the Policy by the Purchaser, the existence of an insurable
interest in the life of the Insured at the time of the issuance of the Policy, or the right of the
Purchaser to the proceeds of the Policy."

12.     Wells Fargo is an assignee of the Transfer Agreement.

13.     The Baum Trust has breached the Transfer Agreement by submitting a claim to the Policy's death benefit.

14.     Wells Fargo has been damaged as a result of the breach including, but not limited to, Wells Fargo's attorneys' fees and costs incurred to defend the action.  In addition, Plaintiff seeks its attorneys' fees and costs incurred in this action.  To the extent Plaintiff's attorneys' fees and costs are awarded against Wells Fargo, Wells Fargo will be damaged in that amount.

WHEREFORE, Wells Fargo respectfully prays for judgment in its favor and against the Cross-Claim Defendants and asks the Court:

(a)     to enter judgment in Wells Fargo's favor determining that Wells Fargo is entitled to receive the death benefit proceeds of the Policy;

(b)     to award Wells Fargo compensatory damages against Cross-Claim Defendants in an amount to be determined at trial, including, but not limited to, any diminution in the value of the Policy's death benefit resulting from the award to Plaintiff of its attorneys' fees and costs incurred in this action;

(c)     to award Wells Fargo its attorneys' fees and costs against Cross-Claim Defendants; and

(d)     to award Wells Fargo such other and further relief as the Court deems just and proper.

Dated:   New York, New York
        January 17, 2017

                         ALSTON & BIRD LLP

                         By: /s/ Alexander S. Lorenzo
                         Alexander S. Lorenzo
                         90 Park Avenue
                         New York, New York 10016
                         Telephone: (212) 210-9400
                         Facsimile: (212) 210-9444
                         Email: alexander.lorenzo@alston.com

                         Lisa R. Bugni (*pro hac vice* application forthcoming)
                         ALSTON & BIRD LLP
                         1201 West Peachtree Street
                         Atlanta, Georgia 30309-3424
                         Telephone: (404) 881-4959
                         Facsimile: (404) 881 -7777
                         Email: lisa.bugni@alston.com