UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JOHN HANCOCK LIFE INSURANCE
COMPANY OF NEW YORK,

                Plaintiff,

        -v-

SOLOMON BAUM IRREVOCABLE FAMILY
LIFE INSURANCE TRUST, ABRAHAM
HOSCHANDER, CHESKI BAUM and WELLS
FARGO BANK, N.A.,

                Defendants.

----------------------------------------------------------------x

No. 1:16-cv-07071

ECF CASE

**CHESKI BAUM'S
ANSWER
TO THE COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

Defendant Cheski Baum (herein, "Baum"), by and through his undersigned attorneys, hereby responds to the Complaint in Interpleader (the "Complaint") filed by Plaintiff, John Hancock Life Insurance Company, ("Plaintiff" or "John Hancock"), as follows:

1.      Baum is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint.

2.      Baum admits Paragraph 2 of the Complaint.

3.      Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 3 of the Complaint that concern the citizenship or residence of Abraham Hoschander.

4.      Baum admits Paragraph 4 of the Complaint.

5.      Baum is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Baum admits the allegations

in Paragraph 6 of the Complaint on information and belief.

7.      The allegations in Paragraph 7 of the Complaint contain legal conclusions to which no answer is required.  To the extent a response is required, Baum admits that one or more of the claimants resides in this District.

8.      On information and belief, Baum admits Paragraph 8 of the Complaint.

9.      Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 9 of the Complaint, and states that the document(s) concerning the creation of the Trust speaks for itself and respectfully refers the Court to such document for its full contents and import.

10.     Baum admits Paragraph 10 of the Complaint.

11.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 11 of the Complaint.

12.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 12 of the Complaint.

13.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 14 of the Complaint.

15.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 15 of the Complaint.

16.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 16 of the Complaint.

17.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 17 of the Complaint.

18.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 18 of the Complaint.

19.     Baum admits the allegations in Paragraph 19 of the Complaint.

20.     Baum admits the allegations in Paragraph 20 of the Complaint.

21.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 21 of the Complaint.

22.     Baum is without sufficient knowledge or information as to admit or deny the allegations in Paragraph 22 of the Complaint.

## ALLEGATIONS AS TO
## "JOHN HANCOCK'S CLAIM FOR INTERPLEADER RELIEF"

23.     Baum admits that the Death Benefit for the Policy is now due and payable to him, but, to the extent any others have also made such a claim, denies that such third-party(ies)'s claims are valid.

24.     Baum is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no answer is required. To the extent a response is required, Baum admits the allegations in Paragraph 25 of the Complaint on information and belief.

26.     Baum is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint.

3

27.     The allegations in Paragraph 27 of the Complaint contain legal conclusions to which no answer is required. To the extent a response is required, Baum denies that any part or portion of the Death Benefit should ultimately be paid to anyone but him.

28.     The allegations in Paragraph 28 of the Complaint do not require a response.  To the extent a response is required, Baum admits the allegations in Paragraph 28 of the Complaint on information and belief.

Baum denies each allegation not specifically admitted or otherwise responded to herein.

### FIRST AFFIRMATIVE DEFENSE

Wells Fargo's claim to any funds or other death benefits under the Policy is barred under the doctrine of estoppel.

### SECOND AFFIRMATIVE DEFENSE

Wells Fargo's claim to any funds or other death benefits under the Policy is barred under the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Wells Fargo's claim to any funds or other death benefits under the Policy is barred under the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Wells Fargo does not have standing or the legal capacity to make a claim to any death benefits under the Policy.

### FIFTH AFFIRMATIVE DEFENSE

Wells Fargo is barred by applicable state law (concerning insurable interest) from receiving (directly or indirectly) any funds or other benefits under the Policy.

## ADDITIONAL DEFENSES

Baum expressly reserves the right to assert additional affirmative and other defenses as may be warranted by future discovery or investigation in this action, or that otherwise may become available or appropriate.

## DEMAND FOR JURY TRIAL

Baum demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant Cheski Baum respectfully requests that this Court issue a judgment:

(i)     Declaring that Cheski Baum is entitled to the100% of the death benefits under the Policy;

(ii)    Directing that John Hancock deposit the subject Policy's death benefit proceeds, plus interest accrued, at the legal rate (from the date of death), with and into the Court;

(iii)   Requiring that the  $20,000,000.00, plus interest accrued from date of death, computed pursuant to applicable law, be awarded to Cheski Baum;

(iv)     Directing the Clerk of the Court to pay the moneys deposited with the Court by John Hancock, plus the accrued interest on same, to Cheski Baum;

(v)     Awarding Cheski Baum such other and further relief as the Court may deem just and proper.

Dated:  New York, New York            LAW OFFICE OF ROBERT R. VIDUCICH
January 25, 2017

                                        By:  /s/ Robert R. Viducich_____
                                              Robert R. Viducich
                                              40 Wall Street, 28th Floor
                                              New York, New York 10005
                                              Tel: (212) 400-7135

                                              -and-

Gerald Kroll
Kroll Law Corporation
1187 Coast Village Road, #486
Santa Barbara, CA 93108
Tel: (310) 598-1255
Motion for admission *pro hac vice* to be filed

*Counsel for Cheski Baum*