# EXHIBIT N



## SOLOMON BAUM IRR FAMILY LIFE INSURANCE TRUST

This trust agreement is effective as of December 14, 2007, by SOLOMON BAUM, currently residing at 2160 E. 26th Street, Brooklyn, NY 11229 (the "grantor"), and Abraham Hoschander, ESQ., currently residing in 777 Kent Ave Brooklyn, NY 11205 (hereinafter referred to as the "Trustee") on the following terms and conditions:

### ARTICLE I
### Purposes and Funding the Trust

A. The Grantor creates this trust as a means by which assets, which may include one (1) or more policies of insurance of his life, may be held for the benefit of his family, the terms and conditions set forth in this instrument. It is the Grantor's intent in creating this trust that all gifts made to this trust be complete and gifts of present interests for federal gift tax purposes, and that the assets of this trust, including any life insurance proceeds, be excluded from his gross estate for federal estate tax purposes. All provisions of this trust shall be construed in such a manner as best to effect these intents.

B. The Grantor transfers to the Trustee the property listed in Schedule A (omitted), to be held and administered according to the terms of this trust. The Grantor and anyone else may transfer additional property, whether or not such property is listed on Schedule A, to the Trustee at any time, whether during the Grantor's lifetime or after his death, to be held and administered according to the trust's terms. The Trustee may refuse to accept any gift to a trust hereunder if the Trustee deems it to be in the best interests of the trust and its beneficiaries, and the Trustee may accept it subject to one (1) or more conditions imposed by the donor on the Trustee, if the Trustee deems it to be in the best interests of the trust and the beneficiaries. No condition imposed on a gift and accepted by the Trustee may in any way alter, amend, or change the right of a beneficiary with respect to any prior gifts. The Grantor retains no right, title, or interest in any trust property.

## ARTICLE II
### Irrevocability

This trust and all interests in it are irrevocable, and the Grantor has no power to alter, amend, revoke, or terminate any trust provision or interest, whether under this trust or under any statute or other rule of law.

## ARTICLE III
### Annual Demand Power

During the Grantor's life, the following demand powers shall exist with respect to contributions to the trust:

A. Immediately following any contribution to the trust, the Grantor's son, CHESKI BAUM shall have the right to withdraw an amount equal to a pro rata share of each contribution to the trust (subject to the limitations in this article). If any such beneficiary demands and receives a distribution in excess of the amount authorized under this article, the Trustee shall immediately notify him or her in writing, requiring the prompt repayment of such excess amount. This demand power takes precedence over any other power or discretion granted the Trustee or any other person.

B. With respect to these demand powers, the following rules shall apply:

1. This demand power can be exercised by a written request delivered to the Trustee. If the beneficiary is unable to exercise such demand power because of a legal disability, any legally authorized personal representative, including (but not limited to) a parent, guardian, committee, or conservator, may make the demand on such beneficiary's behalf. In the event that no such legally authorized personal representative is available, then the Trustee may, acting as a fiduciary for the legally disabled beneficiary, exercise the demand power on the beneficiary's behalf. However, in no event can the Grantor make the demand for any beneficiary.

2. The trustee must reasonably notify the person who would exercise the demand power granted under this Article of its existence and of any contributions made to the trust that are subject to the power.

3. The maximum amount that any beneficiary may withdraw with respect to all contributions made by the same donor during a single calendar year shall be the lesser of the total amount of such contributions and the amount of the federal gift tax annual exclusion in effect on the date of the earliest of such contributions. If requested by a married donor at the time of contribution, the alternative limitation based on the gift tax annual exclusion shall be two (2) times the amount of the gift tax annual exclusion.

4. Each beneficiary's unexercised right to withdraw a contribution shall lapse after thirty (30) days following notification to the beneficiary of the contribution, provided, however, that in any calendar year the extent of the lapse of a right withdrawal shall not exceed the greater of Five Thousand Dollars ($5,000.00) or five percent (5%) of the value of the trust assets from which such withdrawal could satisfied. To the extent that a withdrawal power does not lapse on a particular December 31, the withdrawal power continues to be exercisable (whether or not a contribution was made in that year), in all later years, subject to the same lapse provisions.

5. The Trustee may satisfy a demand for a distribution by distribution cash, other assets, or fractional interests in other assets, as the Trustee deems appropriate. Without limiting the Trustee's power to select assets to satisfy a demand, the Grantor prefers that cash or tangible assets be distributed before life insurance policies and intangible assets, unless the Trustee decides that another selection is warranted.

6. "Contribution" means any cash or other assets transferred to the Trustee to be held as part of the trust funds and the payment of any premiums on life insurance policies owned (in whole or in part) by the trust. The amount of any contribution is its federal gift tax value, as determined by the Trustee at the time of the contribution

7. After the calendar year in which the trust is created, a person who makes a contribution to any trust created under this instrument may, by a written instrument delivered to the Trustee at the time of such contribution and with respect solely to the contribution then being made, do one (1) or more of the following:

Confidential                                  CMG                                  WF_BAUM_00003191

(a) Increase or decrease the amount subject to any person's demand power as to such new contribution; and

(b) Change the period during which any person's demand power as to such new contribution may be exercised. No such direction may in any way alter, amend or change such person's demand power with respect to any prior contributions.

## ARTICLE IV
## During the Grantor's Life

During the Grantor's life, the Trustee shall hold and administer all funds remaining after the exercise or lapse of all demand powers created under Article III, using some or all of the trust's net income and principal to pay premiums on policies of life insurance on the life of the Grantor, adding to principal any income not so used. In addition, subject to the restrictions set forth in later provisions of this trust, the Trustee may distribute to the Grantor's son, CHESKI BAUM, or may spend on his behalf, so much of the trust principal and income (including all or none) as the Trustee deems advisable; provided, however that any distribution for the benefit of anyone other than the Grantor's son shall require the consent of the son of the Grantor. However, the Trustee may not use any trust income or principal in a manner that would give the Grantor any pecuniary benefit, or pay for any debt or obligation for which the Grantor would otherwise be liable.

## ARTICLE V
## After the Grantor's Death

Upon the Grantor's death, the trustee will hold the trust funds, including any funds received on account of the Grantor's death, in trust as follows:

A. Upon the Grantor's death the Trustee shall distribute the remaining trust principal to the son of the Grantor, CHESKI BAUM; In the event that the son of the Grantor is not living, then his share shall be distributed to his issue, in equal shares, per stirpes; or, if such son leaves no issue, then to the issue of the Grantor, in equal shares, per stirpes.

## ARTICLE VI
### Interests Vesting in a Minor

If, when any trust created by this instrument ends, any principal vests in absolute ownership in any minor beneficiary, the Trustee may, if the Trustee deems it appropriate to do so, hold such interest in trust until the beneficiary attains age twenty-one (21), paying so much (including all or none) of the trust's net income and principal to the beneficiary as the Trustee deems appropriate for the beneficiary's health, education, support, and maintenance, adding to principal any undistributed income. The Trustee may make such payments to the beneficiary, or to his or her parent, guardian, or the person with whom the beneficiary resides, without having to look to the proper application of those payments. The Trustee may also make any payments to a custodian (who may be the Trustee) under any applicable Uniform Transfers (or gifts) to Minors Act. When the beneficiary attains age twenty-one (21), the Trustee will pay him or her all of the remaining trust funds and this trust will end. If the beneficiary dies before attaining age twenty-one (21), the Trustee will pay all of such funds to the beneficiary's estate. The authority conferred on the Trustee is a power only and will not operate to suspend absolute vesting of any property in such beneficiary.

## ARTICLE VII
### Spendthrift Clause

To the extent permitted by law, the beneficiaries' interests will not be subject to their liabilities or creditor claims or to assignment or anticipation.

## ARTICLE VIII
### Uneconomical Trusts

If, after the Grantor's death, any trust created under this instrument ever shall have a fair market value of twenty five thousand dollars ($25,000) or less, the Trustee may terminate such trust and distribute the trust funds to the issue of the Grantor, in equal shares, per stirpes.

## ARTICLE IX
### Merger, Consolidation, and Division

For convenience of administration or investment, the Trustee of any trusts created hereunder may:

A. Invest the assets of multiple trusts in a single fund, assigning them undivided interests in such common fund, dividing the income proportionately and accounting for them separately;

B. Merge or consolidate any trust created hereunder together with any other trusts having the same trustee and substantially the same dispositive provisions; and

C. Divide any trust created hereunder into two or more separate trusts, each such trust to contain a fractional share of the assets of the trust before such division.

## ARTICLE X
### Definitions

A. A trustee is "disabled" or under a "disability" whenever any trustee other than a disabled trustee or, if there is no such trustee, any person who would become successor trustee on such determination of disability receives written certification from two physicians regularly attending the trustee, at least one of whom is board certified in the specialty most closely associated with the alleged disability, that such trustee has become physically or mentally incapacitated, regardless of causes and regardless of whether or not there has been any adjudication of incompetence, mental illness, or need for a committee, conservator, guardian, or other personal representative, a trustee is recovered from his or her disability whenever the then-serving trustee receives written certification from two physicians regularly attending such disabled trustee, at least one of whom is board certified in the specialty most closely associated with the alleged disability, that he or she is no longer incapacitated and is again able to manage his or her own personal and financial affairs. No trustee is liable to anyone, including the Grantor, for removing anyone from the trusteeship, if the trustee relied in good faith on the aforementioned physicians' certifications. No on else is liable to anyone for dealing with a trustee other than the one removed for disability, if such removal was made upon

good faith reliance on the aforementioned physicians' certifications.

B. "Per stirpes" means by right of representation, and a disposition to an individual and his or her "issue per stirpes" requires that the individual's children, whether or not living at the time of the disposition, be treated as the original stocks and that a further subdivision be made at each succeeding generation.

C. There is only one signed original of this trust. Anyone may rely on a copy of said document certified by a notary public or similar official to be a true copy of the singed original (and of the amendments or other writings, if any endorsed on or attached thereto) to the same effect as if such copy were the signed original. Anyone may rely upon any statement of fact certified by anyone who appears from the original document or a certified copy thereof to be a trustee hereunder.

## ARTICLE XI
### Trustee's Powers

A. The Trustee is exclusively empowered to do the following, exclusively in the Trustee's fiduciary capacity:

1. To hold and retain all or any property received from any source, without regard to diversification, risk, productivity, or the Trustee's personal interest in such property in any other capacity, and to keep all or part of the trust property at any place within the United States or abroad.

2. To invest and reinvest the trust funds (or leave them temporarily uninvested), in any type of property and every kind of investment, including (but not limited to) corporate obligations of every kind, preferred or common stocks, securities of any regulated investment trust, and partnership interests.

3. To participate in the operation of any business or other enterprise, and to incorporate, dissolve, or otherwise change the form of such business.

4. To deposit trust funds in any commercial savings or savings and loan accounts.

Confidential                    CMG                    WF_BAUM_00003195

5. To borrow money (and mortgage, pledge or encumber any trust assets and/or any trust real or personal property to secure such loan) for any reasonable trust purpose and upon any such terms, including (but not limited to) interest rates, security, and loan duration, as the trustee deems advisable.

6. To lend trust funds to such persons and on such terms, including (but not limited to) interest rates, security, and loan duration, as the Trustee deems advisable; provided, however, that the trustee may not lend money to the Grantor's estate without receiving adequate security and an adequate rate of interest.

7. To sell or otherwise dispose of trust assets, including (but not limited to) trust real property, for cash or credit, at public or private sale, and with such warranties or indemnifications as the Trustee deems advisable.

8. To buy assets of any type from any person on such terms, including (but not limited to), cash or credit, interest rates, and security, as the Trustee deems advisable; provided, however, that the Trustee may not buy assets from the Grantor's estate other than at their fair market value.

9. To improve, develop, manage, lease, or abandon any trust assets, as the Trustee deems advisable.

10. To pay and advance money from the trust's protection and for all expenses, losses, and liabilities sustained in its administration.

11. To prosecute or defend any action for the protection of the trust, the Trustee in the performance of the Trustee's duties, or both, and to pay, contest, or settle any claim by or against the trust or the Trustee in the performance of the Trustee's duties.

12. To employ persons, even if they are associated with the Trustee, to advise or assist the Trustee in the performance of the Trustee's duties.

13. To determine what is principal or income and what items shall be charged or credited to either.

14. To distribute trust assets in kind or in cash.

15. To execute and deliver any instruments necessary or useful in the exercise of any of these powers.

B. During the administration of the Grantor's estate under applicable state law, the Trustee may use the trust funds, in the Trustee's discretion, to lend money to and buy assets from the Grantor's estate, on such terms and conditions as the Trustee deems to be in the best interests of the trust's beneficiaries. The Trustee will not, however, make grants to he Grantor's estate or otherwise distribute funds except through bona fide loans or purchases, it not being the Grantor's intention to make any persons who are not specifically so identified in this instrument, the beneficiaries of any trust created hereunder.

C. With respect to any life insurance policies held as part of the trust funds, the following special rules shall apply:

1. The Trustee may, in the Trustee's discretion, pay any premiums or other charges from trustee income or principal. If the trust funds are inadequate to pay such premiums or charges, the Trustee may, in the Trustee's discretion, do one or more of the following:
   (a) use any automatic premium loan feature;
   (b) borrow against any policy cash reserves (whether or not on the policy for which premium or charges will be paid); or;
   (c) elect any automatic non-forfeiture feature.

2. Any additional policies, no matter how acquired (including, but not limited to acquisition by gift, conversion, reissue, consolidation) should be listed on Schedule A, but failure to do so does not affect the trust's policy ownership.

3. The Trustee may, in the Trustee's discretion, refuse to enter into or maintain any litigation, endorse policy payments, or take other action respecting any trust insurance policies, until the Trustee has been indemnified against all expenses and liabilities that, in the Trustee's judgment, may be involved in such action.

4. The Trustee need not inquire whether or not the Trustee or the trust has been designated the beneficiary of any insurance policy or other death benefit, and the Trustee need not act with respect to such policies until the receipt of written notice that the Trustee or the trust is a beneficiary.

5. No Trustee shall participate in the exercise of any discretion (including any discretion that would constitute an "incident of ownership" within the meaning of IRC 2042) with respect to any policy of insurance on his or her life held hereunder.

D. In making any payment to a minor or disabled beneficiary, the Trustee may expend such payments for the benefit of such beneficiary or make such payments to such beneficiary, or to his or her parent, guardian, personal representative, or the person with whom he or she resides, without having to look to the proper application of those payments. This paragraph does not limit the Trustee's powers and must be construed to enable the Trustee to vie each beneficiary the fullest possible benefit and enjoyment of all the trust income and principal to which he or she is entitled.

## ARTICLE XII
## The Trustee

A. ABRAHAM HOSCHANDER, ESQ. shall serve as the Trustee of this trust and of all trusts created hereunder, and he shall serve without bond.

B. If one serving co-Trustee of this trust becomes unable or unwilling to continue to serve as Trustee, then the other co-Trustee shall continue to serve as sole trustee, and shall serve without bond.

C. No Trustee shall be required to obtain the order of any court to exercise any power or discretion under this trust.

D. Any Trustee or Co-Trustee shall have the authority to delegate any trustee duty to any other Co-Trustee, provided that such delegation may be revoked at any time by the delegating trustee. Further, the Trustee(s) may

Confidential            CMG            WF_BAUM_00003198

delegate any and all trust administrative duties to any third party, provided that such delegation may be revoked.

E. The Trustees of any trust created hereunder may appoint by acknowledged instrument any corporate fiduciary or any person as an additional Trustee. Any Trustee at any time acting hereunder may, appoint by acknowledged instrument any corporate fiduciary or any person, other than the Grantor, to be a successor Trustee. If at any time, there is no Trustee acting over any trust created hereunder then a corporate fiduciary or any person, other than the Grantor, shall be appointed by acknowledged instrument.

## ARTICLE XIII
## MISCELLANEOUS

A. This declaration of trust shall be governed by and construed according to the laws of the State of NEW YORK.

B. Whenever the context of this trust requires, the masculine gender includes the feminine and neuter, and vice versa, and the singular number includes the plural, and vise versa.

C. Except as otherwise provided herein, all payments of principal and income payable, or to become payable, to the beneficiary of any trust created hereunder shall not be subject to anticipation, assignment, pledge, sale or transfer in any manner, nor shall any said beneficiary have the power to anticipate or encumber such interest, nor shall such interest, while in the possession of the Trustee, be liable for, or subject to, the debts, contracts, obligations, liabilities or torts of any beneficiary.

D. If any provision of this trust instrument should be invalid or unenforceable, the remaining provisions shall continue to be fully effective.

E. Notwithstanding any contrary provision of this trust, the principal of any trust created hereunder shall vest absolutely in interest not later than twenty-one years after the death of the last survivor of the Grantor and any beneficiary who is living at the time of the creating of this trust. Immediately prior to the expiration of twenty-one years after the death of the last survivor of the above

group, the principal of each trust that has no previously vested shall become payable to the issue of the Grantor, per stirpes.

 F. In the event that any technical corrections must be made to this trust document, the then acting trustee shall have the authority to make such technical corrections; provided, however, that the corrections must be consistent with the Grantor's intentions in creating this trust, as set forth in this trust instrument, with regard to the beneficiaries of the trust, the uses and purposes of the trust, the distribution plan of the trust, ect.

 G. In no event shall any statute be available to require any invasion of income and/or principal of this trust or any trust created hereunder, by the Trustees or by any court.

(ALL SIGNATURES ON NEXT PAGE)

Confidential  CMG  WF_BAUM_00003200

## ARTICLE XIV
### Signatures

This Trust Agreement may be signed in multiple counterparts.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

_____
SOLOMON BAUM    GRANTOR

_____
ABRAHAM HOSCHANDER, ESQ., TRUSTEE

STATE OF NEW YORK )
                  ).ss.:
COUNTY OF Kings   )

On the 14th day of DECEMBER in the year 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared SOLOMON BAUM, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity and that by his or her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ROBERT STEINHERZ
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG #01ST6144515
MY COMM EXP APRIL 24, 2010

STATE OF NEW YORK )
                  ).ss.:
COUNTY OF Kings   )

On the 14th day of DECEMBER in the year 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared ABRAHAM HOSCHANDER personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity and that by his or her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ROBERT STEINHERZ
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG #01ST6144515
MY COMM EXP APRIL 24, 2010